DOTEN *v.* DOTEN, *Ex'r.*

A legacy made payable at a day fixed in the will, bears interest only from the time it becomes due.

BILL IN EQUITY, to recover interest on a legacy.   The bill alleges that the plaintiff, Mabel P. Doten, is the daughter of Ambrose Doten and the granddaughter of James Doten, and was born in 1870; that her father died June 7, 1873; that James executed his will December 8, 1874, making the defendant executor, and

bequeathing to the plaintiff " the sum of $500, to be paid to her on her arriving at the age of eighteen years; " that in 1877 James died, the will was proved and allowed, and that property of the testator, " much more than sufficient to satisfy all his just debts, funeral and testamentary expenses, and legacies," came to the possession of the defendant as executor; that at the time of her father's decease he and the plaintiff were living with the testator, and that her father died poor and left no estate " except an undivided half of a pasture and wood-lot, inventoried at $400, for herself and mother," and that she has no other means of support; that the defendant refuses to pay her any interest on her legacy, and claims that she is entitled to only $500. The defendant demurs.

*G. W. Murray*, for the plaintiff.

*F. D. Currier*, for the defendant.

CARPENTER, J. Interest is recoverable as damages for the detention of a debt after it is payable, but not as an incident of the debt, unless it is provided for by the contract. *McIlvaine* v. *Wilkins*, 12 N. H. 474, 479–484. A contract silent on the subject of interest for the payment of a sum of money at a specified time, and a contract for the payment of the same sum at the same time " without interest," are in legal effect identical. The words " without interest " are inoperative. They express what in their absence the law implies.

The question whether a legacy carries interest, like other questions arising under a will, turns on the testator's intention. *Dawes* v. *Swan*, 4 Mass. 208. The making of a legacy payable at a certain time without mention of interest is, in general and in the absence of qualifying language, as decisive evidence that the testator does not intend it to bear interest prior to that time, as if it were made in terms payable without interest. The ordinary as well as the legal meaning of both forms of expression is the same. Business men understand that they are no more entitled to interest on moneys due to them before they are payable, if the contract does not provide for it, than they are when the contract expressly provides for payment without interest. Legacies do not differ in this particular from other pecuniary demands.

To this doctrine, it has been said, there is one exception: " If the legacy is given to a child, or to an adopted child or a child to which the testator has placed himself in the place of a parent, which is under age, and for whose support no other provision is made, it bears interest from the testator's decease," though not payable until the child reaches a specified age. *Bell*, C. J., in *Loring* v. *Woodward*, 41 N. H. 393, and cases cited. The exception is put upon the ground that, inasmuch as a father rests under a legal, or at least a moral, obligation to provide for the mainte-

nance of his infant children, it must be presumed, in the absence of other provision for the child's support, that he intended interest on the legacy should be paid for that purpose, though no evidence of such intention, but evidence of a contrary intention, is found in the will. *Heath* v. *Perry*, 3 Atk. 101, 102; *Mitchell* v. *Bower*, 3 Ves. 288; *Lowndes* v. *Lowndes*, 15 Ves. 304; *Harvey* v. *Harvey*, 2 P. Wms. 22; *Lupton* v. *Lupton*, 2 Johns. Ch. 628; *Brown* v. *Knapp*, 79 N. Y. 136, 141, 142. In other words, the infant legatee takes interest in defiance of the testator's expressed intention, because it is necessary for his support and ought to have been given. Such is not the law. The authorities from the earliest time to the present, including the cases which uphold the exception, concur in the doctrine that the interpretation of a will is the ascertainment of the testator's intention; that his intention, found on the language of the will and other competent evidence, controls all rules of construction, and, if consistent with law, must be given effect. *Throckmerton* v. *Tracy*, Plowd. 161, 162; *Newis* v. *Lark*, Plowd. 413; *Boraston's Case*, 3 Co. 20 b.; *Manning's Case*, 8 Co. 95 b.; *Blamford* v. *Blamford*, 3 Bulst. 98, 103, 104, 107; *Hodgson* v. *Ambrose*, 1 Doug. 341; *Griffith* v. *Harrison*, 4 T. R. 748, 749; *Blundell* v. *Gladstone*, 1 Ph. Ch. 285, 286; *Morrall* v. *Sutton*, 1 Ph. Ch. 545–553; *Grey* v. *Pearson*, 6 H. L. Ca. 106–108; *Comfort* v. *Brown*, 10 Ch. Div. 150; *Ralph* v. *Carrick*, 11 Ch. Div. 878, 886; *Kennon* v. *M'Roberts*, 1 Wash. Va. 96, 102; *Smith* v. *Bell*, 6 Pet. 68, 79, 80; *Clarke* v. *Boorman*, 18 Wall. 502, 503; *Giles* v. *Little*, 104 U. S. 293, 294; *Sanborn* v. *Sanborn*, 62 N. H. 631. It is difficult, if not impossible, to find in the books a case on the subject in which this doctrine is not expressly declared or tacitly conceded, and made the professed ground of the decision, although the instances of its misapplication are numerous.

The result would be the same if the law were as the plaintiff claims it to be. She does not bring her case within the alleged exception. The only allegation of the bill tending to show that the testator assumed the place of a parent to the plaintiff is, that she and her father were living with him at the time her father died, a year and a half before the will was executed. It does not appear how long or upon what terms they lived with the testator, or that he supported or contributed to the support of the plaintiff. It is consistent with the plaintiff's averments that her father was in the testator's service and supported his family with the avails of his labor. The bill discloses no facts from which it can be inferred that the testator, when he executed his will or at the time of his decease, stood, or meant to stand, to the plaintiff in the relation of a father.

*Demurrer sustained.*

BINGHAM, J., did not sit: the others concurred.