Rockingham, }
Feb. 5, 1918. {

ARTHUR O. FULLER, *Executor,* v. WALTER F. GALE, & a.

Devise in trust "for each grandchild I may leave surviving me, whether now or hereafter born": a grandchild *en ventre sa mere* at the testator's death and born thereafter is included among such beneficiaries.

Legacies given to one as trustee bear no interest before one year from the death of the testator, the will indicating no intent to vary the usual rule.

The estate tax imposed by act of congress (Laws 64th Cong., 1st Session, c. 463, s. 201), being imposed upon the transmission of the net estate, is to be paid out of the estate and charged *pro rata* to each beneficiary, in the absence of any testamentary provision to the contrary.

Income taxes and annual property taxes imposed before the time for the distribution of an estate are to be paid out of the estate and are finally a charge upon the residue.

The tax assessable against a decedent's estate under P. S., c. 56, s. 26, is not a charge against the estate of a general legatee.

PETITION, by the executor for construction of the will of Isabel J. Gale, and for direction.

The will was executed April 8, 1915, and the testatrix died November 29, 1916.

The seventh clause of the will provides: "I direct that for each grandchild I may leave surviving me, whether now or hereafter born, one hundred thousand dollars be paid to said Frank A. Merrill, to be by him invested and held in trust, (each grandchild's hundred thousand dollars to be kept separate), to pay the income, quarterly

or oftener, to such grandchild for life (or, during the minority of such grandchild, to expend said income for the benefit of such grandchild, and thereafter to pay the income to said grandchild) and upon the death of such grandchild, to pay the principal to the issue, then living, of such grandchild, and if no such issue be then living, then to pay said principal as said grandchild may by last will direct."

There are other legacies, amounting to $450,000, given to said Merrill to hold in trust. The estate amounts to about $1,000,000.

Two grandchildren, Deborah I. and Medora E. Gale, were born in the testatrix's lifetime and survived her. Another grandchild, Arthur Francis Gale, was born April 5, 1917.

Advice is asked:

1. Whether Arthur Francis Gale, or any grandchild who may be hereafter born, takes under the will.

2. Whether any of the legacies given to Merrill as trustee bear interest before one year from the death of the testatrix.

3. What, if any, part of the estate tax imposed by the United States falls upon the legacies other than residuary.

4. Whether any part of the income tax imposed by the United States is chargeable to the beneficiaries under the trust provisions of the will.

5. Whether the local taxes upon the estate in the hands of the executor are chargeable to other than residuary legatees.

Transferred without ruling from the May term, 1917, of the superior court, by *Sawyer*, J.

*Arthur O. Fuller*, executor, *pro se*.

*Elder & Whitman* (of Massachusetts, *Mr. Elder* orally), for the residuary legatees.

*Perley Gardner*, guardian *ad litem*, of Deborah I. and Medora E. Gale, *pro se*.

*Hughes & Doe* (*Mr. Doe* orally), for Arthur Francis Gale.

PEASLEE, J. By the gift of a legacy "for each grandchild I may leave surviving me, whether now or hereafter born," the testatrix manifested a desire to provide for every grandchild whose identity could be established at the time of her death. The grandchild born four months later could be so identified. The law regarded it as a

person in being for many purposes, and the language of the will indicates a wish to provide for it. Having designated the beneficiaries as those "I may leave surviving me," the testatrix adds the words "whether now or hereafter born." The latter words are without meaning unless applied to the present situation. It is probable that they were inserted to make sure that any grandchild *en ventre* at the testatrix's death should take under the will. It is argued that the will speaks as of the date of the testatrix's death, and must be construed accordingly. If this rule of construction is to be applied, it is conclusive in favor of the after born grandchild. Speaking as of that date, the words "whether now or hereafter born" must of necessity apply to the situation here presented. The executor is advised that Arthur Francis Gale takes under the seventh clause of the will.

The question whether grandchildren who may hereafter be conceived and born could take under this clause is answered in the negative. The takers are not all those who may live at some period subsequent to the death of the testatrix. They must also have been *in esse* at the time that event occurred.

The claim made in behalf of the two grandchildren, Medora and Deborah Gale, that interest on the legacies to them should be allowed from the death of the testatrix is not a valid one. There is nothing in the will indicating any intent to vary the usual rule, and there is no evidence that the testatrix stood in the position of a parent toward these legatees. *Doten* v. *Doten*, 66 N. H. 331.

The estate tax imposed by act of congress is to be paid *pro rata* by all who share in the estate. It is not a property tax but one "imposed upon the transfer of the net estate." Laws 64th Cong., 1st Session, *c.* 463, *s.* 201. It is not like the foreign inheritance taxes considered in *Kingsbury* v. *Bazeley*, 75 N. H. 13, 16; but is imposed by a law which applies to the devolution of estates in this jurisdiction. It not being otherwise directed by the will, the tax is to be paid out of the estate and charged *pro rata* to each beneficiary.

Income taxes and annual property taxes imposed before the time for the distribution of the estate are to be paid out of the estate and are finally a charge upon the residue. The income before legacies fall due accrues to the estate, and so to the residuary legatees, and they, like others who have the use or income of property, must pay the ordinary taxes.

The provision that "the real and personal estate of any legatee

. . . shall be taxed to the . . . administrator" (P. S., c. 56, s. 27), is relied upon to show that the tax is a charge against the legatees' estate. The provision has no application to the present case. The legacies here were all general and did not become the estate of the legatees before they were payable. The property was the estate of the deceased, taxable under the provisions of P. S., c. 56, s. 26.

*Case discharged.*

All concurred.