## Crane's Estate

The facts appear from the following extracts from the adjudication of

VAN DUSEN, J., Auditing Judge.—Theron I. Crane died November 2, 1929, leaving his last will, duly probated, a copy of which is hereto annexed,

whereby, inter alia, he gave an annuity of $1000 per annum to Annie M. Staniforth to be paid to her from residuary estate during the period of her life, and devised and bequeathed the residue of his estate to his executors in trust, to pay the income to his wife, Charlotte West Crane, for life, and after her death to divide the principal into four equal parts, to pay the income from one of said one-fourth shares to his sister, Caroline C. Haines, for life, the income from one-fourth to his nephew, Edward C. McKinney, for life, the income from one-fourth to his grandniece, Mary Patricia Crane, for life, and the income from the remaining one-fourth to his niece, Madeline Clark Goetze, for life. The remaindermen in each trust are the issue of the life tenant, with gifts over in default of issue as in the will set forth.

Testator's wife, Charlotte West Crane, elected to take against the will, wherefore the remainder interests who took after her death were accelerated.

By adjudication of the first account of the executors, one-half of the estate was awarded to the widow, and the remaining one-half, less certain pecuniary legacies, was awarded in four parts to the trustees upon the trusts set forth in the will for the remaindermen.

The annuity of $1000 to Annie M. Staniforth was charged one-fourth to the income of each fourth of the residue.

The executors were directed to retain sums of $68,353.79 and $350,000 to pay Federal and state taxes, and these sums are the subject of this, the second, account of the executors.

These taxes have now been paid, and balances of $175,008.55 principal and $14,448.43 income remain for distribution to the parties entitled.

The question involved is the charging of these taxes, whether to the corpus of the estate or in part to the life tenants.

The will is silent as to inheritance tax, so the liability of the parties must be determined without help from the testator.

Taxes were paid as follows: Federal estate tax, $60,886.17; Pennsylvania "normal" tax, $220,112.95; additional Pennsylvania tax under the Act of May 16, 1929, P. L. 1782, of $21,358.90 and $3431.33.

The above "normal" tax, as to which the question arises, was assessed as follows:

| | |
|---|---:|
| One-half of estate passing to widow, two per cent | $36,685.49 |
| Pecuniary legacies, ten per cent | 3,850.00 |
| Annuity to Annie M. Staniforth | 628.10 |

Life estates in residue (and as well in the four $50,000 funds which are held upon the same trusts as residue), ten per cent:

| | |
|---|---:|
| Caroline C. Haines | 11,732.37 |
| Edward C. McKinney | 27,399.39 |
| Mary Patricia Crane | 33,863.93 |
| Madeline Clark Goetze | 26,795.43 |
| Remainder interests, ten per cent | 79,158.25 |
| Total normal tax | $220,112.96 |

The act of Congress, imposing a Federal estate tax, permits a deduction of eighty per cent. for taxes paid the states.

To obtain this benefit for the Commonwealth, the legislature passed the Act of May 7, 1927, P. L. 859, amended by the Act of May 16, 1929, P. L. 1782, which provided that, in addition to the transfer inheritance tax under prior acts, a further tax should be assessed in an amount sufficient to make the total

Pennsylvania tax equal to eighty per cent. of the Federal tax. Thus we have in Pennsylvania the so-called "normal tax" and an additional tax under the Act of 1929.

This tax is not a further burden on the taxpayer, but is a benefit extended by the Federal Government to the state.

Ordinarily, the normal Pennsylvania tax on remainder interests is not due and payable until the remaindermen come into possession (Constable's Estate, 299 Pa. 509), but in this case it was necessary to pay the full normal tax at once in order to obtain the eighty per cent. credit against the Federal tax.

By decree entered March 6, 1931, Robert W. Archbald, Jr., Esq., was appointed guardian ad litem of Edward C. McKinney, Jr., a minor remainderman.

No objection is made by the remaindermen to the immediate payment of the tax on the remainders; obviously, the payment was for their benefit.

The guardian ad litem, however, asks that the life tenants be required to reimburse the principal for the sums paid on account of the normal tax assessed on the life interests.

This controversy relates only to the normal tax. I do not understand that there is any dispute as to the Federal tax or the "additional" Pennsylvania tax under the Act of 1929.

As to the Federal estate tax of $60,886.17, it is a charge upon the estate of the decedent and not upon the individual legacies, and must be paid out of the general funds of the estate: Newton's Estate, 74 Pa. Superior Ct. 361.

Likewise, the "additional" Pennsylvania tax, $24,790.23, must be paid by the estate generally. It is an "estate tax," and comes within the ruling in Newton's Estate. It should be noted that the provision of the Act of May 7, 1927, P. L. 859, requiring the charging of this tax to the beneficiaries, was attacked as unconstitutional in Knowles's Estate, 295 Pa. 571, on the ground that graded taxes are forbidden in Pennsylvania. This provision was struck out by the amending Act of May 16, 1929, P. L. 1782, and the taxes designated as "estates taxes."

As to the normal Pennsylvania tax, ordinarily each legatee pays his own; life interests and remainders are taxed separately. The tax on life interests is assessed at the decedent's death and is charged to the first income of the life tenant. Tax on remainders, as has been said, is ordinarily not assessed or payable until the remainderman comes into actual possession. The remainderman may elect to pay the tax prior to his coming into possession, and in such case the tax is assessed on the value of the interest at the time of the payment of the tax after deducting the value of the life interests.

Were this the ordinary case, the claim here made by the remainderman that the life tenants' tax should not be deducted from corpus must prevail. And with equal force, the life tenants could object to any depletion of corpus by the payment of the remainderman's tax. Hence, were we to give full recognition to both of these demands, we should strike from the corpus the life tenants' tax of $99,791.11 and the remaindermen's tax of $79,158.25. Or should we set one tax off against the other, and call on the one owing the difference to restore it to the estate?

Even were it possible to do this, I do not feel that any such adjustment should be attempted.

It so happens that in three of the four trusts into which residue is divided, the tax of the life tenants exceeds that of the remaindermen. In one, where the life tenant is seventy-three years of age, remaindermen's tax is the greater. In all the trusts, the remainders are contingent, and many of the persons who

will probably take are unborn and unknown. Who will make restitution for the unborn remaindermen?

Again, suppose the widow had not elected to take against the will, and she was the life tenant of the whole of the residue; would she have been compelled to restore her two per cent. tax, while a far greater tax at ten per cent. remained charged on corpus because it was impossible to collect any of it from contingent remaindermen?

The question is new in Pennsylvania, so far as counsel and court are aware, and if a rule is to be adopted, it should be one that will work fairly. If rights are to be accorded to both life tenants and remaindermen, they should be mutual, enforceable by either. Life tenants are ascertained persons, but it is an exceptional case when a remainder is found vested in a class, closed and ascertained at the decedent's death.

My conclusion is that the total tax should remain charged against the corpus of the estate. The life tenants will bear their reasonable share of the tax, by receiving an income from a depleted corpus: See Tallman's Estate, 10 D. & C. 89. The remaindermen are not harmed, as, were it possible to defer assessment and payment until their actual possession, they should have to pay on 100 per cent. of corpus, irrespective of what the life tenants had paid. Postponement of payment was impossible, but still the sum of the taxes on life interests and remainders is no more than 100 per cent., so that the payment of the life tenants' tax has cost the remaindermen nothing.

The claim of the remaindermen is dismissed.

There remains the further question as to the payment of the normal tax, $628.10, on the appraised value of the annuity of $1000 per annum to Annie M. Staniforth.

Unlike the life tenants, she receives a fixed sum, not the income from a depleted corpus.

It is suggested that the tax be deducted from the annuity in annual instalments. There is no justification in the act for such practice. The tax was assessed and payable immediately on the annuity. No payment can be made to the annuitant until she has paid the tax, and the accountants are directed to withhold the annuity until a sufficient amount is recovered for the estate.

*Robert W. Archbald, Jr.*, for exceptants.

*Acker, Manning & Brown*, contra.

HENDERSON, J., October 7, 1932.—Upon the adjudication of the first account of the executors, they were directed to retain the sums of $68,353.79 and $350,000 to pay Federal and state taxes and these are the subject of this account.

These taxes have now been paid and balances of $175,008.55, principal, and $14,448.43, income, remain for distribution to the proper parties.

The question involved is to whom should these taxes be charged, and an unusual tax problem is presented by these exceptions.

It arises from the fact that our transfer inheritance taxes are levied on the shares passing to lineals (two per cent.) and collaterals (ten per cent.), and on shares left in trust the life tenant pays as he receives income, and the remainderman likewise pays as and when he receives the remainder.

The additional Pennsylvania tax due under the Act of May 16, 1929, P. L. 1782, is, however, an estate tax, payable forthwith out of corpus, and the same is true as to the Federal estate tax.

The trouble arises due to the difference in the incidence of the two sets of taxes and the times when they grow due and are payable.

In this estate, the widow takes one-half and the balance is in trust. As to the normal Pennsylvania transfer inheritance tax, that due by the widow is

payable forthwith, that due by the life tenants is payable out of income when and as received, and that due by the remaindermen is payable upon the falling in of the life estates when the remaindermen are entitled to possession.

The amount levied under the Act of 1929 is such sum as added to the total normal Pennsylvania inheritance taxes will equal eighty per cent. of the Federal tax. Thus we see, unless the normal tax on the life estates and the remainders can be paid at once, there will be automatically levied by the Act of 1929 an additional sum equal to those postponed payments, and the parties in interest will be paying double.

With these principles in mind, let us examine this tax problem in the light of the figures in this estate:

The net estate passing is $3,668,549.12. Tax on specific bequests, $3850. Tax on widow's one-half interest, $36,685.49. Tax on life estates due out of income when received, $100,419.22.

Tax on remainders due when received.................$178,949.35
Tax on remainders if it and the tax on the life estates
    are paid now.................................... 79,158.25
                                       ——————
Tax saved thereby.............................. $99,791.10

Tax under Act of 1929 if life estates and remainders pay now, $24,790.23. Tax due on Federal estate tax, $60,886.17.

Unless the tax on the life estates and remainders can be paid now, the Pennsylvania tax under the Act of 1929 would be automatically increased by the sum of these two:

Tax on life estates...................................$100,419.22
Tax on remainders.................................. 79,158.25
                                       ——————
                                     $179,577.47

And the life tenants and remaindermen would still owe $279,368.57 *when and as* they are entitled to possession.

The situation is one calling for a legislative cure. It is not for us to say what should be done.

The auditing judge has awarded the tax due by the life tenants and remaindermen out of the corpus, thereby effecting a saving of $99,791.10, and thereby saving the life tenants from paying $100,419.22 when and as received from income and the remaindermen $178,949.35 when entitled to possession.

The exceptant, a remainderman, complains that the life tenants should pay their own taxes of $100,419.22 out of income as received, reimbursing principal to this extent if they so long live; technically, he is correct; there is no merit, however, in his contention, because if it were enforced, the corpus would have to pay an additional estate tax under the Act of 1929 of exactly the same sum, and unless the tax on the remainder is paid now, this estate tax would be further increased by the sum of tax on the remainder.

The auditing judge has done substantial justice as between the parties, and none has any real ground of complaint.

In view of the fact that the exceptant is technically right in his contention, and as the question will be a recurring one, we deem it proper that our action should be reviewed by the Supreme Court, and, hence, the guardian ad litem— the exceptant—is directed forthwith to take an appeal.

The exceptions are dismissed and the adjudication is confirmed absolutely.