## Ely's Estate

664

*R. M. Remick,* of *Saul, Ewing, Remick & Saul,* for accountant.

*Paul M. Bogart,* of the bar of the State of Indiana (admitted pro hac vice), for Walter C. Ely, Jr., and John H. Ely, children of decedent, beneficiaries under his will but not interested under the deed of trust; for Charlotte A. Ely, widow of decedent, beneficiary under will but not interested under deed of trust; and for Paul M. Bogart, executor; and the Merchants National Bank of Terre Haute, administrator c. t. a. of the estate of Walter C. Ely at the domicile (Indiana).

*Carroll Wetzel,* trustee ad litem for Charlotte E. Ely, a minor, and for all persons now unborn who may be interested in remainder of trust estate other than the descendants of Delia K. E. Sheffer.

*Jay B. Leopold,* guardian ad litem for Charlotte Anne Sheffer, and Herbert Frazier Sheffer, Jr., minor children of Delia K. E. Sheffer, and trustee ad litem for any other issue or descendants of Delia K. E. Sheffer.

*Irvin Stander,* for Commonwealth of Pennsylvania, claiming transfer inheritance tax.

BOK, J., October 27, 1936.—Walter C. Ely died on September 29, 1935, a resident of Indiana. He wrote his will on December 22, 1920, and by it, after providing for certain specific devises and bequests, he gave the residue of his estate in trust for his wife and children, the latter to get the principal from time to time in increasing percentages until they should have received their full shares upon respectively becoming 40 years of age. The widow received the income from one third of the residue for life, the principal to be applied to the trusts for the children after her death.

On June 1, 1926, Ely executed a revocable deed of trust, which he amended three times. The final provisions were that the trustee, which is the Girard Trust Company, of this city, was to hold that part of the corpus which con-

sisted of securities and with the income flowing from them pay the premiums on certain life insurance policies which formed the balance of the corpus and which Ely assigned to the trustee. Any balance of income not so used was to be added to principal. Upon his death, the trustee was to collect the proceeds of the life insurance policies, invest them, and pay over the income to four of his children, viz.: One seventh to Delia K. E. Sheffer, two sevenths to Philip H. Ely, two sevenths to Richard N. Ely, and two sevenths to Charlotte E. Ely. These children were to get an increasing percentage of the principal from time to time until they should have received their full shares upon respectively becoming 50 years old. Any undistributed portion of principal was to vest in the issue of any child dying before 50 and leaving issue, or at death without leaving issue to be added to the shares of the other children and their issue, with like distribution.

All of Ely's children above mentioned are living and of age, except Charlotte, who is nearly 21. The only one of them who now has children is Delia K. E. Sheffer, and she has two. Charlotte, Delia's two children, and all unborn children are represented ad litem.

Ely, however, had six children, who have a one-ninth share each under the will, the widow having a life estate in the other third. The two children who share in the will but not in the deed are Walter C. Ely, Jr., and John H. Ely, who, with their mother, their adult brothers and sisters, and the administrator c. t. a. of their father's Indiana estate, are also represented.

It is agreed that the corpus of the trust fund is subject to the Federal estate tax. The trust was revocable and under familiar principles is therefore taxable: Porter, Executrix, et al. v. Commissioner of Internal Revenue, 288 U. S. 436; Reinecke, etc., v. Northern Trust Co., 278 U. S. 339.

Several questions are raised in the petition for distribution, and will be considered in order.

1. What portion of the Federal estate tax imposed by reason of the existence of the policies of insurance should be borne by the trust estate?

It is agreed by all parties that this question is answered by section 314(*b*) of the Revenue Act of February 26, 1926, 44 Stat. at L. 91, which reads as follows:

"If any part of the gross estate consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds, in excess of $40,000, of such policies bear to the net estate. If there is more than one such beneficiary the executor shall be entitled to recover from such beneficiaries in the same ratio."

The only possible difficulty here is in the meaning of the words "total tax paid". Counsel for the unborn children suggests that if part of the Federal estate tax is paid to the State of Indiana under an Indiana law similar to our Act of May 7, 1927, P. L. 859, whereby the State claims the 80 percent allowance provided for in the Act of Congress of 1926, supra, sec. 301(*b*), the beneficiaries of the insurance policies in the trust fund should reimburse the executor for their share of only the amount of Federal estate tax actually paid to the Federal Government; this might be as low as 20 percent of the total tax assessed.

I see no basis for this distinction. The statute refers to the "total tax paid": these words treat the tax as a unit but are silent as to whom it is paid. The 80 percent allowance is a gratuitous action taken by the Federal Government as a method of distributing most of the tax among the several States if they choose to take advantage of it. The taxpayer pays and the Government distributes his money as it pleases, and the fact that the Government gives the States a chance to get part of it instead of putting it all in the Federal Treasury is not his concern.

The executor of this estate is therefore authorized to collect from the several beneficiaries of the life insurance policies such portion of the total Federal estate tax paid to both the Federal Government and to the State of Indiana as the proceeds of the several insurance policies in excess of the $40,000 statutory exemption bear to the net estate.

2. What portion of the Federal estate tax imposed by reason of the existence of assets in the trust estate other than insurance should be borne by the principal of the trust estate?

The Federal estate tax is a death duty, and the history of this type of taxation has been fully covered in Knowlton v. Moore, 178 U. S. 41, and in the dissenting opinion of Judge Anderson, of this court, in Newton's Estate, 28 Dist. R. 183. It is clear that this tax is an excise levied upon the transfer of an estate at the death of the owner, that is to say, upon the owner's interest which ceases with his death. It is, in effect, an expense of administration. Inheritance taxes, on the other hand, are taxes upon succession to and receipt of benefits under the law or under a will, that is to say, upon the interest passing to the beneficiary by reason of the owner's death: Young Men's Christian Association of Columbus, Ohio, et al. v. Davis et al., 264 U. S. 47; Edwards, etc., v. Slocum et al., 264 U. S. 61; Baily's Estate, 290 Pa. 3.

The consequence of this distinction is that it would be anomalous to impose upon a beneficiary the burden of a tax which is graduated solely upon the testator's capacity to pay: It is *his* interest which, having ceased, is taxed when it is transferred, not the beneficiary's interest in receiving the gift. The current of the law clearly sets in this direction. For example, in section 314 (*b*) of the Revenue Act of 1926, supra, it is provided:

"If the tax or any part thereof is paid by, or collected out of that part of the estate passing to or in the possession of, any person other than the executor in his capacity

as such, such person shall be entitled to reimbursement out of any part of the estate still undistributed or by a just and equitable contribution by the persons whose interest in the estate of the decedent would have been reduced if the tax had been paid before the distribution of the estate or whose interest is subject to equal or prior liability for the payment of taxes, debts, or other charges against the estate, it being the purpose and intent of this title that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution."

I have found no authority in Pennsylvania directly four square with the facts here, but Newton's Estate, 74 Pa. Superior Ct. 361, 372, is persuasive. There the question revolved about the burden of the Federal estate tax as between the residuary legatees and the specific and general pecuniary legatees under a will. The court said, in part:

"It follows, therefore, that the tax must be paid out of the general funds of the estate. It is the general rule that failing any testamentary provision to the contrary, debts, charges and all just obligations upon an estate must result in a reduction of the interest of the residue of that estate. The benefaction conferred by the residuary clause of a will is only of that which remains after the specific and general pecuniary legacies have been satisfied. The burden of the tax must in this case be borne by the residuary legatees. The views which we have here expressed are in harmony with the decisions in other jurisdictions: Plunkett v. Old Colony Trust Co., 124 Northeastern Reporter 265, decided by the Supreme Court of Massachusetts; in Matter of Hamlin, 226 N. Y. 407."

The most convincing authority to me, however, is Farmers' Loan & Trust Co. v. Winthrop et al., 238 N. Y. 488, 144 N. E. 769. Since the act in question is a Federal law, the fact that the Supreme Court of the United States denied a certiorari, in 266 U. S. 633, gives this case com-

pelling weight. Its facts are practically the same as here, as there was a will, a revocable trust, and a provision relative to the payment of the tax almost identical with the one in this case. The court said:

"It is urged in the present case by the residuary legatees under Mrs. Bostwick's will that the rule laid down in these cases is not decisive of the question before us, and that, though the entire tax on the transfer of an estate by will must be paid by the executor out of the estate passing under the will before distribution, yet the burden of the tax, in respect to property passing under a deed made by a decedent during his life to take effect in possession or enjoyment at or after his death, should be borne by the beneficiary, and if the executor should pay that tax, he should be entitled to reimbursement. The Supreme Court of Massachusetts in Bemis v. Converse, 246 Mass. 131, 140 N. E. 686, has failed to draw such a distinction, and has held that in such case also the tax must be paid out of the general estate before its distribution, and we fail to find in the statute any basis for such distinction."

After pointing out that the Federal tax is an estate tax and is not a legacy or inheritance tax, the court said at page 771:

"While our function is solely that of interpretation, and not of legislation, we may still point out that it would be anomalous to impose upon a beneficiary the burden of a tax which is graduated solely by the capacity to pay of the donor, while the imposition of the burden of a tax, measured solely by the size of a donor's estate, upon the donor or his general estate, is dictated by factors which may at least be regarded as relevant, even though there may be difference of opinion as to the justice of such a tax in all cases."

And again at pages 771, 772:

"The definition of the 'net estate' identifies the property, the transfer of which is taxed, and the value of the 'net estate,' so defined, measures the amount of the tax

and its rate; but the tax is not imposed upon the property, nor in general is the burden of its payment apportioned in proportion to the value of any portion thereof received by any transferee. . . . The exception contained in section 408 in regard to the proceeds of insurance policies does not permit the court to create other exceptions by any supposed analogy."

I am frankly puzzled by two unreported cases in this court: Powell's Estate, no. 1010 of 1934, adjudicated in 1934 by Judge Gest, and Roberts' Estate, no. 526 of 1917, adjudicated in 1935 by Judge Stearne. In Powell's Estate there is, as here, a will and a trust, and the auditing judge merely says:

"I have no doubt that the Federal Estate Tax . . . should be apportioned between the trust estate and the individual estate of the settlor."

In Roberts' Estate the trust arose under the will, and the exercise of a power of apportionment brought the appointive fund within the gross estate for Federal taxation. Judge Stearne says in his adjudication:

"In accordance with a decision by Gest, J., in the estate of Robert E. Powell, deceased, Orphans' Court of Philadelphia County, no. 1010 of 1934, the Federal Estate Tax should be apportioned between the individual estate of Elizabeth C. R. Wyatt and the appointed estate."

I sympathize with their point of view, which is undoubtedly the fair one, but wish that I might have the benefit of their reasoning in addition to their conclusion. Reading the opinions of this court in Newton's Estate, supra, it seems that this question has puzzled us before now, for the court divided evenly and so affirmed Judge Gest's adjudication, which favored apportionment, but was reversed by the Superior Court in 74 Pa. Superior Ct. 361.

I might add in passing that it is the practice of this court, in dealing with run-of-the-mill cases where the question of apportionment is not raised and probably not

even thought of, to place the full burden of the Federal estate tax on the residue.

There are two other cases which favor apportionment: Fuller v. Gale et al., 78 N. H. 544, 103 Atl. 308; Hampton's Admrs., v. Hampton, 188 Ky. 199, 221 S. W. 496. Aside from the convenient excuse that I am not bound by what the courts of Kentucky and New Hampshire may say, I notice that both cases involve only one instrument, a will. I also feel that they both leave the rails under an impulse to correct an inequality and do not give sufficient weight to the nature of the tax involved and to the consequent effects. Indeed, the Hampton case dismisses Knowlton v. Moore, supra, by saying it is interesting but irrelevant, while Fuller v. Gale et al., supra, appears to confuse the nature of the tax entirely by saying oversimply: "It is not a property tax but one 'imposed upon the transfer of the net estate' ". Farmers' Loan & Trust Co. v. Winthrop et al., supra, is not only identical to the instant case on the facts, but it went to the Supreme Court and was denied certiorari. I think it is better law. Perhaps it is also worse justice, but, on the score of correcting an inequality, it was apparently responsible for the legislature settling the matter once and for all.

Following the Farmers' Loan & Trust Co. case, the New York legislature passed an act, April 23, 1930, ch. 709, sec. 124, which apportioned the payment of the Federal estate tax among those interested in the estate. The case, however, still carries weight in those jurisdictions which do not have the benefit of such legislation. I hope our legislature will follow the wise example of New York, for a case may arise at any moment where a trust estate under a revocable deed of trust is so much larger than the testamentary estate that the Federal tax on the combined estates will wipe out the testamentary estate entirely, at the expense of the widow and children. On the other hand, apportioning the payment of the Federal estate tax might work hardship unless properly directed by legislation.

For example, if a decedent left an enormous estate and a small legacy or revocable trust fund, would the latter have to pay its portion of the tax at the rate applicable to the estate as a whole? If not, in what bracket should it be placed? Neither of the extremes mentioned above is involved in this case, for the trust estate and the general estate are fairly evenly balanced and there is enough in the latter to enable it to bear the full burden of the tax without undue hardship, even to the two children who have an interest in the will but none in the trust. I cannot do otherwise, however, than to regard this as one of the painful inequalities of the law and to leave its equitable solution to the legislature, where it belongs.

There is nothing in the documents which aids in the legal solution. In Ely's will the following provision appears:

"Item II. . . . I further direct that there shall be paid from the corpus of my estate all Income, Estate, Succession, Transfer and Inheritance Taxes levied against either my estate or the devisees and legatees and beneficiaries of my said estate and under this will."

In Farmers' Loan & Trust Co. v. Winthrop et al., supra, the analogous provision was: "I direct . . . that all inheritance taxes be paid out of my general estate." The court held that "inheritance taxes" included estate taxes, and that such taxes upon the transfer of property passing under the will should be paid by the executor out of the general or residuary estate. The court then added:

"We conclude that the testatrix, in drawing her will, has not indicated that she had in mind any question of who should pay any tax imposed on the transfer of property passing under a deed of trust executed by her, either before or after the making of the will. The court must determine whether the trust estate or the general estate should ultimately bear the burden of the payment of such tax in accordance with the intention of Congress or the Legislature which has imposed the tax, since the decedent had made no direction either way for its payment."

The same is true here. I construe the above words in Ely's will to refer only to his general estate and not to his trust estate as well, and to direct that the devisees, legatees, and beneficiaries of his general estate should receive their gifts free of tax. It seems as though the words "of my said estate", appearing in the last line of the quoted section, are surplusage when followed by the phrase "and under this will". The rhetoric is clumsy, but I think the "said estate" refers to the preceding "estate" against which the enumerated taxes might be levied. That is the general estate, for I cannot torture the surplus words into a veiled allusion to the trust estate.

I conclude, therefore, that, while Ely has directed that all taxes on the transfer of property passing under his will shall be paid by his executor out of the general or residuary estate, he has not indicated any intention of who should pay the taxes on the transfer of property passing under the deed of trust. The deed makes no provision for such payment, and is expressly revocable. After making the deed, Ely had nine years in which to alter either will or deed, but failed to do so.

I am constrained to answer the posited question by holding that all of the Federal estate tax imposed by reason of the existence of assets in the trust other than insurance must be borne by the residue of Ely's estate under his will and none of it by the corpus of the trust.

3. What portion of the inheritance tax imposed by the State of Indiana should be borne by the trust estate?

(a) As to the normal Indiana tax, it is conceded to be a legacy or succession tax, the rate being determined by the size of the legacy and by the relationship between the legatee and the decedent: Burns Indiana Statutes 1933, secs. 6-2401 to 2442; Armstrong, Admr., et al. v. State of Indiana ex rel., 72 Ind. App. 303, 120 N. E. 717.

All of decedent's estate, including the corpus of the trust estate, but excluding real estate located outside of Indiana, is subject to the Indiana tax.

That portion of the normal Indiana inheritance tax which is based upon the trust estate must, therefore, be paid by the trustee under the deed of trust.

(*b*) As to the 80 percent of the Federal estate tax claimed by Indiana, there is no precedent for determining the incidence of it. It is levied under the Indiana Act of 1931, ch. 75, p. 192, sec. 38. Under the general principles set forth earlier in this adjudication, if the tax provided for in this act is an inheritance tax, it must fall on the trust estate; if it is an estate tax, it must fall on the general estate. I believe the latter to be the correct situation.

As mentioned elsewhere in this adjudication, there is only one tax involved, the Federal estate tax, but Congress has permitted the several States to claim part of it if they want to. The taxpayer does not pay two taxes; he pays one tax, part of it to the Federal Government and part of it to his own State. This method of payment does not cost him a cent more than it would if he paid it all to the Federal Government. The system of distributing the tax is of no interest to him. The States share on "estate tax", and their legislation on the subject merely enables them to avail themselves of the bounty of the Federal Government in handing to them a portion of that tax, levied and assessed not by virtue of State law but of an Act of Congress.

Indiana's act, however, uses a confusing phrase. Section 38 is headed "Estate Tax" but the text begins with the words:

"An additional inheritance tax shall be and is hereby imposed upon all estates", etc., and reference is again made in section 40 to the: ". . . additional inheritance tax."

At first blush this would appear to indicate an intention to make the new tax conform to the State's existing normal inheritance tax and so partake of its legal characteristics. After much reflection, however, I feel that the tax, when levied, was an estate tax and that it remains

one, no matter what the Indiana act calls it. Even beyond this is the intention, expressed in section 40, to obtain the credit allowed by the Federal law, together with the fact that despite the unfortunate confusion of wording, the act provides for something that looks like an estate tax and works like one.

The act states that the additional inheritance tax shall be: ". . . imposed upon all *estates* which are subject to an estate tax under the provisions of the United States revenue act of nineteen hundred and twenty-six" (italics ours). It is significant that the tax is imposed not upon transfers nor upon bequests or legacies, but upon estates. Inheritance taxes are never imposed upon estates. They are always imposed upon the right to receive portions of a decedent's estate, and a casual examination of our own Pennsylvania normal inheritance tax statute or any one of a myriad of other inheritance tax acts will bring into bold relief the difference between the language "A tax is hereby imposed upon all estates", and the language "A tax is hereby imposed upon all transfers by will, under the intestate laws, or intended to take effect at death".

The second sentence of section 38 of the Indiana statute reads as follows:

"The amount of said tax shall be the amount by which eighty per cent of the estate tax imposed by the United States government under the provisions of said revenue act of nineteen hundred and twenty-six exceeds the aggregate amount of all estate, inheritance, legacy, transfer and succession taxes actually paid to the several states".

The amount of tax imposed by this statute necessarily depends in the first instance upon the size of the net estate and bears no relation whatever to the size of the various bequests or legacies which may be carved out of it. One of the fundamental incidences of an apportioned inheritance tax (being upon the right to receive) is that the tax charged against any individual is measured by the amount

of property received by that individual. The Indiana tax is measured solely by the net amount of the estate, except that credit is given for all other taxes which may have been paid to the several States of the United States or to the District of Columbia.

The third sentence of the statute reads as follows:

"The provisions of this section shall apply to *estates* of decedents dying on or after the effective date of the revenue act of 1926" (italics ours).

The statute also provides that if the State of Indiana shall deem itself aggrieved by any ruling of the Bureau of Internal Revenue it may prosecute an appeal without cost to the *estate* in the name of the *estate*.

This statute does not reflect the first instance of unfortunate language in a taxing statute. Similar problems of interpretation have arisen on a number of occasions, and it has been uniformly held that the nature of a tax is not to be controlled by the label which the legislature may have placed upon it.

In State Tax Commission v. Backman et al., 88 Utah 424, 428, 55 Pac. (2d) 171, the court said:

"Our statute uses the term 'inheritance tax', but that fact should not be conclusive in fixing its classification because used in its general sense rather than with scientific nicety. We must look to the enactment itself rather than to its title in order to determine the nature and incidence of the tax."

And again, at page 431:

"The cases hold that, where the tax is on the net estate of the deceased in the hands of the executor where it is one tax measured alone by the size of the net estate without reference to who the beneficiary may be, it is a tax on the right to transmit; that is, on the right of the decedent to have the estate pass by will or intestacy, and is an estate tax."

In Brown et al. v. State et al., 323 Mo. 138, 19 S. W. (2d) 12, it was argued to the court that an estate tax could not

be imposed by a statute whose title stated that the act was an amendment to an inheritance tax statute. The court pointed out that the words "inheritance tax" as used by the legislature did not necessarily mean a transfer or succession tax, saying at pages 15-16:

"Assuming that the 'additional tax' provided by the amendment is an estate tax as plaintiffs allege, nevertheless, it is, like the tax already in effect, an excise, and each is an inheritance tax in the broadest sense of that term. This conclusion is justified by the following discussion of terminology found in 26 R. C. L., §166, pages 195, 196: 'An inheritance tax, using the term in its broadest sense, is an excise which may be imposed on either, or both, of two entirely different subjects. . . . A tax imposed by a state upon the clear value of the estate passing from any person who may die seised or possessed thereof is, however, undoubtedly an estate tax, and what passes to the heir or devisee and to which he acquires title is his share of the estate remaining after the payment of the tax.' "

In Educational Films Corporation of America v. Ward, etc., et al., 282 U. S. 379, the Supreme Court of the United States said:

"But the nature of a tax must be determined by its operation rather than by particular descriptive language which may have been applied to it."

In Montana-Dakota Power Co. v. Weeks, etc., et al., 8 Fed. Supp. 935, 938 (1934), the court said:

"But it has been suggested that the tax provided for is an excise tax, and for that reason no notice nor opportunity for hearing need be provided for. The name given a tax by the Legislature is not controlling, but the circumstances of the statute and its incidents and attributes must control. Galveston, H. & S. A. R. Co. v. Texas, 210 U. S. 217, 28 S. Ct. 638, 52 L. Ed. 1031."

The pertinent laws of the State of Indiana have been made part of the record by stipulation, and I find them, as a fact, to be as therein set forth. It should perhaps be

noted that, of the counsel who favor apportionment, Mr. Bogart, of the Indiana bar, concedes in his supplemental brief that the Indiana 80 percent law is an estate tax and not an inheritance tax.

I therefore hold that no portion of the tax paid to Indiana under section 38 of the Indiana Act of 1931, this being the allowance up to 80 percent of the Federal estate tax, shall be paid by the trust estate, but that all of it shall be paid by the general estate.

4. Should there be added to principal only the income on hand and collected, or such income plus that accrued to the date of death?

There is no provision in the deed against the apportionment of income, and I am of opinion that the ordinary rules of apportionment of income at the death of a life tenant are to be applied.

The deed provides that income during the life of the settlor shall be added to principal. Therefore, all income on hand and collected, plus that accrued to the date of death, shall be retained by the trustee as principal.

5. Should the estate be divided into separate shares to be held for the benefit of each child?

The deed does not in express terms direct the division of principal into separate shares. Nevertheless, that apparently was the intention of the settlor, because he gives to each beneficiary the whole income from a part of the principal, and not merely a part of the income of the whole.

Furthermore, the management of the fund as a whole would be difficult, because of the payments of principal which must be made to the parties as they attain certain ages respectively.

A division of the estate will be directed among the respective trusts, and such division will appear in the schedule of distribution. . . .