Merrimack,  
Jan. 26, 1925.

WILLIAM A. FOSTER, *Ex'r, Ap't,* v. GEORGE E. FARRAND,
*State Treasurer.*

Under the New Hampshire constitution, property cannot be classified for purposes of an inheritance tax upon any other basis than that of property taxable and non-taxable.

An inheritance tax law imposing rates of taxation upon property passing by inheritance or devise, varying with the degree of relationship between the recipient and the decedent, is unconstitutional and void.

The declaration that a statute passed as an amendment to an earlier statute is invalid does not affect the validity of the earlier statute, which simply stands unamended.

The federal inheritance tax is not a charge against the residue of the estate, but should be prorated among the legatees.

APPEAL from the assessment of an inheritance tax under Laws 1923, *c.* 62. Facts agreed. Henry A. Emerson died in 1924, testate.

His will was executed in 1914, and codicils thereto in 1916 and 1920. The will gives various legacies to a nephew and nieces, and others to those more remotely related to the testator and to persons not related to him.

The state treasurer deducted the whole federal estate tax from the residue of the estate, and then assessed a tax at the rates prescribed by the act referred to. Upon appeal to the probate court the assessment was affirmed, and upon appeal therefrom to the superior court, *Sawyer*, J., transferred the following questions without ruling:

1. Whether Laws 1923, *c.* 62 is unconstitutional.

2. If it is, did it repeal Laws 1915, *c.* 106.

3. Should the federal estate tax have been prorated among the several legatees?

*Foster & Lake* (*Mr. Foster* orally), for the plaintiff.

*Joseph S. Matthews*, assistant attorney-general (by brief and orally), for the defendant.

PEASLEE, C. J.   The legislature of 1923 enacted in substance that all property passing by will or inheritance to a spouse, ancestor or descendant should be subject to a tax of two per cent, that passing to near collateral relatives to a tax of six per cent, and when passing to others to a tax of ten per cent. Laws 1923, *c.* 62. Acting under this statute, the state treasurer assessed taxes at each of the higher rates. The executor's appeal to the probate court, and from thence to the superior court, presents the question of the constitutionality of the statute under which the tax was laid.

In *Williams* v. *State, ante*, 341, the question of the constitutional limitations upon the power of the legislature to impose inheritance taxes received exhaustive consideration. It was then held that those limitations preclude any variation in the rate of the tax, that such was the import of the original decision passing upon the constitutional amendment of 1903 (*Thompson* v. *Kidder*, 74 N. H. 89), and that the advice given in response to a request from the house of representatives in 1911 (*Opinion of the Justices*, 76 N. H. 599) to the effect that the rate might be varied as to those standing in different relations to the decedent, was unsound.

The statute involved here differs from that under consideration in *Williams* v. *State, supra*, in that the tax rate under the former statute was determined in part by the amount of property passing, while

here it depends entirely upon the relationship of the taker of the property to the decedent. It is urged that this difference between the two statutes is of such a character that the act of 1923 may be sustained without in any way impairing the authority of the decision that the act of 1919 was invalid. It is true that the precise question here involved — classification by relationship — was not the only ground for the adjudication in the former case. But it is equally true that the decision is put upon both grounds. "The question raised is as to the validity of classification by the value of the property passing and according to relationship to the decedent." *p.* 344. The reasoning upon which that decision rests forbids classification of any kind, save that making property taxable or non-taxable. Because that decision was founded upon this proposition, it was deemed necessary to consider there the question now presented. The argument for the state then was that, since there could be classification based upon relationship (as the house of representatives had been advised), therefore other reasonable classification or gradation was permissible. In the consideration of this argument, the advice theretofore given was reëxamined, and was held to be incorrect. The decision in the *Williams* case rests solely upon the proposition that "The only classification . . . is between taxable and non-taxable. Any other classification for taxation of property or rights is contrary to the equality of rights in the constitution as it has been interpreted since 1784." *p.* 351.

That conclusion disposes of the state's contention in the present case. An inheritance tax can be laid at one common rate, and the constitution as it now stands requires that the tax shall not be laid in any other way. The subject received full and adequate consideration in the very recent case referred to, and a further elaboration of the matter seems unnecessary at this time.

In the assessment of the tax the state treasurer and the probate court deducted the entire federal estate tax from the residue, rather than from the several legacies, and the question of the legality of this action is transferred. The question is settled by *Williams* v. *State, ante,* 341. The tax is to be prorated among the legatees. The suggestion in the state's brief is evidently based upon an inadvertence. It is there said that the will was made before *Fuller* v. *Gale,* 78 N. H. 544, was decided, and that therefore the reasoning in *Williams* v. *State, supra,* to the effect that wills made after the decision in the *Fuller* case was announced are presumably executed with knowledge of the rule there laid down, cannot apply. A codicil to the will was

made as late as 1920, and every codicil includes a reëxecution of the will. *Loverin* v. *Eaton*, 80 N. H. 62.

The question whether the act of 1923, if unconstitutional, repealed the inheritance tax law of 1915 (Laws 1815, c. 106) is also transferred. Laws 1923, c. 62, does not purport to repeal earlier laws. It is in terms an amendment of an existing statute. As the amendment fails, the earlier statute stands unamended. *Williams* v. *State, ante*, 341, 353, 354, and cases there cited.

*Appeal sustained.*

All concurred.