## In the Matter of the Estate of B. HELEN ARONS, Deceased.

Surrogate's Court, New York County, October 24, 1936.

*Arnstein & Levy,* for the administrator.

*Edgar Hirschberg [Frank J. Ryan* of counsel], for the State Tax Commission.

DELEHANTY, S. The administrator appeals from the *pro forma* order of August 12, 1936, entered on the supplemental report of the appraiser on the ground that the appraiser erroneously eliminated a deduction of $17,899.95 which he had allowed in his prior report. This sum represents the deductible proportion specified in subdivision 2 of section 249-s of the Tax Law of property valued at $38,777.50 on which a gift tax was paid to the Federal government within five years prior to the decedent's death. The decedent died on June 2, 1935.

That portion of the law in question which was added to subdivision 2 of section 249-s of the Tax Law by chapter 639 of the

Laws of 1934 and which is applicable here reads: " The deduction allowable under this paragraph shall be reduced by an amount which bears the same ratio to the amounts allowed as deductions under paragraphs numbered one and three of this section, and paragraph numbered four of section three hundred and three (a) of the United States Revenue Act of nineteen hundred twenty-six, as the amount otherwise deductible under this paragraph bears to the value of the decedent's gross estate."

In computing the deduction under this section the appraiser used the sum of $100,000 as prescribed under paragraph 4 of subdivision (a) of section 303 of the United States Revenue Act of 1926 (44 U. S. Stat. at Large, 72; U. S. Code, tit. 26, § 412, subd. [a]) which resulted in wiping out the entire gift deduction. The administrator contends that the Revenue Act of 1932 amended this section so as to reduce the amount to $50,000 and that the use of this sum in the formula results in a deduction of $17,899.95.

A review of its provisions discloses that the Revenue Act of 1932 neither repealed nor amended paragraph 4 of subdivision (a) of section 303 of the Revenue Act of 1926 (*supra*). In addition to amending some of the sections of the 1926 act, the 1932 act provides for the imposition of a Federal estate tax in addition to that prescribed by the act of 1926. Section 401 of the Revenue Act of 1932 (47 U. S. Stat. at Large, 243) provides:

" § 401. Imposition of tax. (a) In addition to the estate tax imposed by section 301 (a) of the Revenue Act of 1926 [U. S. Code, tit. 26, §§ 410, 460] there is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this Act, whether a resident or non-resident of the United States, a tax equal to the excess of —

" (1) the amount of a tentative tax computed under sub-section (b) of this section, over

" (2) the amount of the tax imposed by section 301 (a) of the Revenue Act of 1926, computed without regard to the provisions of this title." (47 U. S. Stat. at Large, 243; U. S. Code, tit. 26, § 535.)

Section 403 of the 1932 Revenue Act (47 U. S. Stat. at Large, 403; U. S. Code, tit. 26, § 537) provides for the assessment, collection and payment of tax in the same manner as is provided in the Revenue Act of 1926 except that a return is required if the value of the gross estate exceeds $50,000. It is clear that the use of the $50,000 figure is limited to the computation of the additional tax prescribed by the Revenue Act of 1932 and that it in no way affects the $100,000 exemption provided by the act of 1926. The appeal is, therefore, denied.

Submit order on notice.