UNITED STATES TRUST CO. OF NEW YORK et al. v. SEARS.

No. 81.

District Court, D. Connecticut.

Oct. 16, 1939.

644

CLARK, Circuit Judge (acting as District Judge pursuant to statutory designation).

■ This action has been submitted for adjudication upon the pleadings and upon memoranda of the parties stating their claims of law. The pleadings consisted of a complaint and an amendment thereto by the plaintiffs, defendant's answers to both the complaint and its amendment admitting all allegations of fact and stating two partial defenses and one complete defense, and plaintiffs' reply admitting the allegations of fact of these three defenses. The reply is not authorized, Rule 7(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, but the present proceeding is essentially one wherein all parties move for judgment on the facts shown of record and it is appropriate to consider admissions made by the parties, whether within or without the formal pleadings.[1] Since, therefore, all statements of fact made on behalf of either the plaintiffs or the defendant stand admitted in the documents on file, no formal findings of fact by the court are required. Rule 52(a), F.R.C.P.

■ The plaintiffs, executors of the will of Austin L. Smithers, deceased, have paid the United States the federal estate tax of $19,572.63 assessed upon the estate in their charge and now seek reimbursement from the defendant for a part of the tax paid. The defendant was the beneficiary in the amount of $100,353 on a policy of insurance procured by the testator upon his life. As required by law, the sum of $60,353, the proceeds of this policy above the statutory exemption of $40,000, was included in the estate of the deceased in computing the federal estate tax. 26 U.S.C.A. § 411(g), I.R.C. § 811(g), 26 U.S.C.A. § 811(g).[2] This proceeding is brought upon § 314(b) of the Revenue Act of 1926, 44 Stat. 79, 26 U.S.C.A. § 426(c), I.R.C. § 826(c), 26 U.S.C.A. § 826(c), in force at the time of the

Mark C. Candee, of Greenwich, Conn., for plaintiffs.

Keogh & Candee, of South Norwalk, Conn., for defendant.

[1] For similar views as to the use of material outside the pleadings upon a motion to dismiss under Federal Rule 12(b), 28 U.S.C.A. following section 723c, see Alabama Independent Service Station Ass'n v. Shell Petroleum Corp., D. C.N.D.Ala., 28 F.Supp. 386; Proceedings of Institutes, Federal Rules of Civil Procedure, Washington and New York (A.B.A.1939) 74, 75; 2 Moore's Federal Practice § 12.03; but see McConville v. District of Columbia et al., D.C.D.C., 26 F.Supp. 295, and Proceedings of Institutes, ibid. 300–302.

[2] Though the Internal Revenue Code of February 10, 1939, 26 U.S.C.A. § 1 et seq., is inapplicable before 1939, nevertheless the statutes involved in the problem presented by this case were carried over into that Code either without any change or without any change here material.

testator's death, providing as follows: "If any part of the gross estate consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds, in excess of $40,000, of such policies bear to the net estate. If there is more than one such beneficiary the executor shall be entitled to recover from such beneficiaries in the same ratio." Since the action is based on a federal statute and the amount in controversy exceeds $3,000, exclusive of interest and costs, jurisdiction of this court appears.

Notwithstanding the seemingly clear language of the quoted statute, various interpretations of it as applied to the situation here presented are proffered by the parties and still others seem at least arguable. The result claimed by the defendant in her complete defense to the action may be considered first. She asserts that the statutory right of reimbursement does not here obtain because the testator has directed otherwise in his will. Testator's will was executed February 9, 1927, while application for the insurance in question was made November 18, 1926, and the policy was dated November 23, 1926. Death occurred on September 12, 1936. The will contained the following provision: "I direct that all transfer, inheritance and estate taxes, to which my property or the transfer of any part thereof may be liable, shall be paid out of my residuary estate as an expense of administration and that no devise, legacy or bequest herein contained shall be diminished by any such tax." Notwithstanding the lack of exception in the statute, obviously a testator may vary the extent of his bounty among his beneficiaries as he wishes and place the burden of charges against his estate upon his residuary legatees so long as he makes his desires manifest. Hence the question is one of interpretation of this clause of the will.

Although the power of a testator to vary the incidence of the federal estate tax from that made by the law is assumed in the cases, it is held that the direction must be clear and in case of doubt the burden should be left where the statute has placed it. Thus, in Gaede v. Carroll, 114 N.J.Eq. 524, 169 A. 172, 176, the court said: "The federal statute specifically provides for reimbursement by the beneficiary of life insurance policies to the executor for taxes

paid, and the will in the instant case cannot be said to impose this tax upon the residuary estate." So, also, Commercial Trust Co. v. Millard, 122 N.J.Eq. 290, 193 A. 814, allowed reimbursement of federal estate and other taxes from the trustees under an inter vivos trust. Decisions of a similar nature, involving state death taxes, are Ericson v. Childs, 124 Conn. 66, 198 A. 176, 115 A.L.R. 907, and Hackett v. Bankers Trust Co., 122 Conn. 107, 187 A. 653. Compare annotation in 115 A.L.R. 916. These cases hold that a testamentary provision effective to make a change in the burden of a tax should be apt and unambiguous for the specific purpose, and directions concerning transfer taxes on other property, as on the share "herein given" (Gaede v. Carroll, supra) or "in respect to my estate or any of the bequests of this my will" (Ericson v. Childs, supra [124 Conn. 66, 198 A. 177, 115 A.L.R. 907]), are not sufficient to shift the normal·burden of taxes on property not passing as a part of the estate of the deceased at his death. Such judicial caution seems justified, for with increasing taxes a residuary legatee under a will made long previous may find himself with an undue burden, even though, as is often the case, the residuary legatee is a special object of the testator's affection. The recent depression has shown that testators often do not give the proper forethought to the effect which unexpected developments may have upon the bequests made even to their dearest kin. Certainly the plight of the residuary legatee should not be made worse by judicial construction of vague and uncertain testamentary directions. In the present·case the provision relied on is not apt for the purpose claimed. It refers to taxes "to which my property or the transfer of any part thereof may be liable," and directs "that no devise, legacy or bequest herein contained shall be diminished by any such tax." These expressions do not naturally include the proceeds of a policy upon the testator's life—proceeds which were neither his "property" nor the subject of a legacy or bequest by him. If, when he made his will, he had had in mind this policy so recently taken out, it would seem probable that he would have said so more explicitly. The complete defense to the action must therefore fail.

If, however, reimbursement in some amount is to be had, the fixing of the amount presents difficulties. These difficulties are chiefly connected with the mean-

ing of the term "net estate" in the statute. The executors' reimbursement is to be "such portion of the total tax paid as the proceeds, in excess of $40,000, of such policies bear to the *net estate.*" 26 U.S.C.A. § 426(c), I.R.C. § 826(c), 26 U.S.C.A. § 826(c). Postponing for the time being certain queries which concern other terms in the statute, we may turn first to the major claims of the opposing parties based upon their interpretation of the phrase "net estate."

The gross estate of the deceased, including the proceeds of the non-exempt insurance, was $254,591.06. Lawful deductions of $47,944.91 left a balance of $206,646.-15. Our problem arises with respect to the statutory exemption before the tax rates apply. By 26 U.S.C.A. § 412, I.R.C. § 812, 26 U.S.C.A. § 812 "the value of the net estate" "for the purpose of the tax" is the value of the gross estate after deducting not only the lawful deductions there specified, but also "an exemption of $100,-000." The "net estate" would then be $106,646.15. Plaintiffs therefore claim that the reimbursement to which they are entitled is such portion of the tax paid ($19,-572.63) as the insurance proceeds ($60,353) are to the net estate ($106,646.15) or $11,-075.19. Defendant claims that for reimbursement purposes the deduction of the $100,000 specific exemption is not authorized, and that the "net estate" is $206,646.-15. She claims, therefore, that she owes only $5,716.37 ($206,646.15 is to $60,353 as $19,572.63 is to $5,716.37). Should this contention not be supported, she offers an alternative based upon the fact that the "net estate" in 26 U.S.C.A. § 412, I.R.C. § 812, supra, is for the purpose of computing the "basic" estate tax, and that beginning in 1932, Congress provided for an additional estate tax involving a substantial increase in the tax, wherein the exemption, first set at $50,000, in 1935 became, and now remains, $40,000. 26 U.S.C.A. § 535(c), as amended, I.R.C. § 935(c), 26 U.S.C.A. § 935(c). So at the very least she would limit the statutory exemption to this figure in computing the reimbursement and set the "net estate" at $166,646.15. The result, therefore, would be $7,088.47 ($166,646.15 is to $60,353 as $19,572.63 is to this figure).

The strength of the plaintiffs' case lies in the fact that they make use of the technical meaning of the term "net estate." And this conclusion is supported by a section dealing with "definitions," 26 U.S.C.A. § 530, I.R.C. § 930, 26 U.S.C.A. § 930, providing that "when used in this subchapter," "the term 'net estate' means the net estate as determined under the provisions of section 412 [812] or 461 [861]." (Section 412 contains the definition of net estate cited above; section 461 is a similar definition applicable in the case of non-resident and non-citizen decedents, except that no exemption is allowed.) The weakness of plaintiffs' case lies in the harshness, if not even absurdity, of the results which may at times occur. Moreover, upon examination the statutory language appears less free from ambiguity than one might suppose after a cursory reading of it. The result of plaintiffs' construction is to take away all benefit of the insurance exemption from the insurance beneficiary and confer it instead upon those taking under the will. The beneficiary will be forced to pay either the entire or a large part of the tax. Thus, if there were non-exempt insurance proceeds of $100,000 in a taxable estate of $200,000 (before deducting the specific $100,000 exemption), the insurance beneficiary receives a sum equal to the "net estate" and must pay the entire tax. And if the entire taxable estate (before deducting the specific $100,000 exemption) was $150,000, all non-exempt proceeds of insurance, these proceeds are three times the "net estate," and the formula calls for repayment by the beneficiary of three times the tax. Or if there were two beneficiaries of insurance, each receiving $100,000 of non-exempt proceeds, and this $200,000 of insurance were the entire taxable estate (before deducting the specific $100,000 exemption), the formula calls for repayment of the entire tax from each. True, the statute limits recovery to the tax paid, but this illustrates the unworkable nature of the formula. The distortion is the greater, too, because the additional tax—in the present case over 98 per cent of the total tax— has been assessed on the basis of a $40,000 exemption, and reimbursement for the additional tax paid, as well as for the basic tax paid, is claimed on the basis of the $100,000 exemption.

■■ Under subdivision (b) of this same section (26 U.S.C.A. § 426, I.R.C. § 826, 26 U.S.C.A. § 826), where a tax has been collected out of taxable property passing to some one other than the executor, such person is entitled to reimbursement from the estate or from other transferees in order to secure "a just and equitable contri-

bution." A life insurance beneficiary who has paid the entire tax is entitled to a contribution which is "just and equitable" (Landsbergh v. Commissioner, 35 B.T.A. 928), and the same principle should define the duty to reimburse the executors when they have paid the entire tax. The unfairness of the literal formula claimed by plaintiffs cannot be excused on any theory that the beneficiary has already had the benefit of the $40,000 insurance exemption, for that exemption merely serves to reduce the net estate and hence the amount of the total tax assessed against the net estate. The beneficiary receives no peculiar benefit from this decrease in the total tax levied. All beneficiaries of the decedent's bounty share equally in that benefit, though the well understood purpose of the exemption was to encourage the decedent to take out a reasonable amount of life insurance for those most dependent on him. To place an unusual portion of the burden of the tax upon the insurance beneficiary not only is not "just and equitable," but seems out of line with the intent to foster life insurance evidenced by the insurance exemption contained in the general provision, 26 U.S.C.A. § 411(g), I.R.C. § 811(g), 26 U.S.C.A. § 811(g), and repeated in the reimbursement statute as the numerator of the fraction giving the proportion of reimbursement which the executor may claim.

■■■■ It is believed that the estate tax statute, viewed in its entirety, does not support the construction of this section claimed by the plaintiffs. In general whenever the statutory meaning of "net estate" is employed in a particular section, that fact is made clear by express language. Thus, section 410, 26 U.S.C.A., I.R.C. § 810, 26 U.S.C.A. § 810, stating the rates of the tax, provides: "A tax equal to the sum of the following percentages of the value of the net estate (determined as provided in sections 411 [811] and 412 [812]) shall be imposed"; the additional estate tax imposed by the 1932 and later acts contains a specific indication, 26 U.S.C.A. § 535(c), I.R.C. § 935(c), 26 U.S.C.A. § 935(c), that the net estate is that provided for in § 412; § 412 itself, as cited above, defines the net estate *for the purpose of the tax;* and § 421(a), I.R.C. § 821(a), 26 U.S.C.A. § 821 (a), requires a return which will set forth, among other things, "the value of the net estate of the decedent as defined in section 412." So, also, § 461(a), I.R.C. § 861(a), 26 U.S.C.A. § 861(a), defines the value of

the net estate of a non-resident decedent "for the purpose of the tax" (no exemption is allowed in the case of a non-resident decedent); and § 464(a), I.R.C. § 864(a), 26 U.S.C.A. § 864(a), requires a return for such a decedent showing "the value of the net estate of the decedent as defined in section 461[861]." Apparently the only occasion in this subchapter for the use of the term "net estate" without thus fixing its definition is in the reimbursement paragraph in question. And the definition provision cited above, 26 U.S.C.A. § 530, I.R.C. § 930, 26 U.S.C.A. § 930, only came into the statute some time after the reimbursement provision was enacted in its present form. The definition was not added to the other definitions in the statute until the Revenue Act of 1921, § 400, 42 Stat. 277, whereas the provisions for taxation of the proceeds of life insurance policies and for reimbursement appeared in the Revenue Act of 1919, §§ 402(f) 408, 40 Stat. 1098, 1100, and were repeated in the Act of 1921 (42 Stat. 279, 282), as well as in the Acts of 1924 and 1926, §§ 302(g), 314(b), 43 Stat. 305, 311, 44 Stat. 71, 79. There is nothing to indicate that the definition provision was added with the thought of changing the provisions as to reimbursement. Indeed, the absence of discussion of the matter anywhere tends to indicate that the definition was not thought of in connection with the reimbursement section at all, but was included to round out and complete the definitions used in the computation of the tax.

■■■■ The extreme distortion resulting from the application of plaintiffs' construction to a claim for reimbursement of the additional, as well as the basic, tax would be lessened under defendant's alternative claim: that the exemption used in the computation of the reimbursement should be the one employed in computing the additional tax, that is, $40,000, instead of $100,000. It seems, however, that this alternative claim of defendant cannot be supported in the form she has made it, for the statute explicitly states that the reduced exemption there provided is only for the purpose of the additional tax therein levied, and the computation of the basic estate tax is not affected. 26 U.S.C.A. § 535(c), I.R.C. § 935(c), 26 U.S.C.A. § 935(c). Compare, also, 26 U.S.C.A. § 537, as amended, I.R.C. § 937, 26 U.S.C.A. § 937; In re Arons' Estate, 161 Misc. 523, 292 N.Y.S. 196. If, however, the claim were varied somewhat,

and were stated in the form that "net estate" in the reimbursement statute means such estate with the deductions actually used in computing the tax (i. e., with an exemption of $100,000 for the basic tax and $40,000 for the additional tax), it seems deserving of consideration. I have therefore treated the result obtained upon such a construction of the statute as a third possible figure for the reimbursement sued for.[3]

Though the claim, as just stated, that the term "net estate" may mean one thing for the basic tax and another for the additional tax (just as it does in the taxing provisions proper) reaches a fairer result than that claimed by the plaintiffs, yet I conclude that it, also, must be rejected. To a very considerable extent, it produces the same kind of distortion, and unfair distribution of the tax, though not as great in amount, as does the plaintiffs' formula. It, too, reserves all the benefit of the statutory exemption to the takers under the will at the expense of the insurance beneficiary. And there remain serious problems of reconciliation of the statutory language. If the statutory definition of net estate found in § 530, 26 U.S.C.A., I.R.C. § 930, 26 U.S. C.A. § 930, must be applied here, this meaning· does not fit it. Again this result will mean that there are two different net estates for the two taxes, whereas the reimbursement statute seems to contemplate one single computable amount. Moreover, § 535(c) of 26 U.S.C.A., I.R.C. § 935(c), 26 U.S.C.A. § 935(c), states that "for the purposes of this section," i. e., the section stating the rate of tax of the additional tax, the value of the net estate shall be based upon an exemption of $40,000, instead of $100,000. To justify the suggested conclusion the language of this provision would need to be read as applying "for all the purposes of the additional tax," instead of as limited to this section. This claim does illustrate the different versions of "net estate" now made necessary by the complicated structure of the federal estate tax. But it serves rather to cast doubt on the plaintiffs' theory that a statutory definition may be applied throughout the subchapters here involved than to demonstrate its own soundness.

There is left for consideration the construction urged by the defendant. That construction rejects the various definitions referred to above as being limited to the purpose stated in § 412, supra, viz., "For the purpose of the tax the value of the net estate shall be determined" as thereafter set forth. For the distinct matter of adjustment of equities between insurance beneficiaries and the legatees under the will, defendant offers, as the more normal meaning of "net estate," that which is left of the gross estate after the deduction of proper and lawful items in the course of settlement. Compare Bouvier's Law Dictionary and Webster's Dictionary as to "net," meaning what remains after the deduction of charges or outlay, and the definitions in such taxing statutes as Conn.Gen. Stat. (1930) § 1369, id., Cum.Supp.1935, § 490c, and N.Y.Tax Law, § 249-s, Consol. Laws N.Y.C. 60. It seems that this is the meaning which will best afford the just and equitable distribution of the tax burden contemplated by the statute, and it is therefore adopted as the correct one.

Certain matters affecting other terms in the statute may now be considered. Plaintiffs make the further claim that the portion the executors should recover is not limited to a part of the total tax actually paid the United States, but is· a portion of the total tax owing before allowances are made under 26 U.S.C.A. § 413(b), I.R.C. § 813(b), 26 U.S.C.A. § 813 (b) for state transfer taxes (such· allowances being permitted against the federal tax up to 80 per cent of its amount). This claim seems to have been sustained in Re Ely's Estate, 28 Pa.Dist. & Co. R. 663, by a probate court in Pennsylvania which reasoned that it was immaterial on the question of reimbursement whether the tax was actually paid to the Federal Government or to the state. Here the executors were allowed credit for such taxes against the federal estate tax in the amount of $1,-350.68, and recognition of the plaintiffs' claim would, of course, somewhat increase each of the possible reimbursement figures. (Thus it would make the amount claimed by the plaintiffs $11,840.79, instead of $11,-

---

[3] The record does not contain a computation showing reimbursement on this basis; in view of the size of the additional, as compared to the basic, tax, the result must be only slightly in excess of the alternative amount claimed by the defendant. Subject to correction, I think it would be approximately $7,162. The basic tax appears to be about $348.70 net ($1,699.38, less credit for state taxes paid of $1,350.68), while the additional tax must be about $19,230.47.

075.19.) This seems, however, a harsh construction of the statute. State tax statutes often contain express provisions as to the distribution of the burden of the tax, as is the case in Connecticut, Cum.Supp. 1935, §§ 499c, 508c, Ericson v. Childs, supra; and New York, Tax Law, § 249-n. To apply a federal rule to change a result either directed by state statutes or determined by state decisions, on the theory that the state taxes have affected the computation of the federal tax, seems unjustified. This claim is therefore disallowed.

There may be yet another problem lurking within the confines of this innocent appearing statute, 26 U.S.C.A. § 426(c), I. R.C. § 826(c), 26 U.S.C.A. § 826(c). Does it direct the deduction of another $40,000 (in addition to that provided for in computing the decedent's gross estate under § 411, I.R.C. § 811, 26 U.S.C.A. § 811) from the insurance proceeds before any computation is made? The words of the statute may bear such an interpretation if, in the phrase "such portion of the total tax paid as the proceeds, in excess of $40,000, of such policies bear to the net estate," the policies in question mean those of which a "part of the gross estate consists" as stated at the beginning of the sentence (not the entire policies before the deduction has been made). If this is so, every computation referred to above must be recast and the result in each case will naturally be more favorable to the defendant than that discussed. None of the parties has suggested this interpretation, and it does seem unreasonable that Congress could have intended the two deductions. Nevertheless this serves as further demonstration of the fact that there is no wholly simple interpretation of the statute.

This is apparently a case of first impression, and we have no direct precedents to guide us in the problems of statutory construction here presented. There are gross deficiencies in the act as drawn,[4] and the court must face the task of interpretation presented by these deficiencies. Under all the circumstances the result here reached, in accordance with the claim presented by the defendant's first partial defense, seems to carry out that principle of "just and equitable" distribution of the burden of the tax intended by the legislative body.

Judgment will be entered for the plaintiffs in the sum of $5,716.37, together with interest from September 20, 1938—the date of payment to the United States of the last installment of the tax—and the costs of this action.

---

[4] Cf. Paul, Life Insurance and the Federal Estate Tax, 52 Harv.L.Rev. 1037, 1073.