## The Second National Bank *v.* Joseph Montesi, Deputy Sheriff

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued February 5—decided March 26, 1957

*Anthony E. Grillo,* for the plaintiff.

*Nelson Harris,* with whom, on the brief, was *Joseph R. Apter,* for the defendant.

WYNNE, J. The plaintiff brought this action to replevy a used car sold to a purchaser by an automobile dealer on a conditional sale contract which was assigned by the seller to the plaintiff. The automobile was attached by the defendant and taken into his possession in an action against the purchaser. The case has been reserved to this court for advice upon four questions.[1] These questions raise the basic issue whether the conditional sale contract is valid as against an attaching creditor of the purchaser.

[1] "a. Since no sales tax has been included in the context of [the conditional sales contract] does the conditional sales contract describe all of the conditions of the sale as provided by Section 2162c of the 1953 Supplement to the General Statutes, and does it contain 'all of the agreements of the parties' as required by Sections 2164c and 2165c of the 1953 Supplement to the General Statutes, and therefore, render the conditional sales contract invalid as between the plaintiff and the defendant herein?

"b. Is the execution of the 'dealers assignment' by the plaintiff's assignor 'without recourse' as appears on the reverse side of [the contract] a sufficient compliance with Section 2162c of the 1953 Supplement to the General Statutes as to satisfy the requirement concerning acknowledgment and, therefore, render the conditional sales contract invalid as between the plaintiff and the defendant herein?

"c. Is the conditional sales contract invalid because either the sales tax was not collected from the buyer or the same was not included in the conditional sales contract in accordance with Sections 941c and 943c of the 1953 Supplement to the General Statutes, and, therefore, render the conditional sales contract invalid as between the plaintiff and the defendant herein?

"d. Since the retail seller is required to collect the sales tax from the buyer at the time of making the sale under the provision of Sections 941c and 943c of the 1953 Supplement to the General Statutes does the 'cash price' in the conditional sales contract have to include the sales tax under the definition of 'cash price' in Section 6698 (g) of the General Statutes, and, therefore, render the conditional sales contract invalid as between the plaintiff and the defendant herein?"

A summary of the stipulated facts follows: In July, 1954, East Haven Kaiser-Frazer, Inc., sold to William Stanley a 1950 Oldsmobile sedan under a written conditional sale contract which was duly filed in the office of the town clerk. Stanley agreed to pay $795 in cash in monthly instalments for the automobile. East Haven Kaiser-Frazer, Inc., assigned all its interest in the contract to the plaintiff. Stanley defaulted payment on the instalment due in December, 1954. In March, 1955, the defendant, as a deputy sheriff, attached the automobile as property of Stanley in an action returnable to the City Court of New Haven. The plaintiff, relying upon the assignment of the conditional sale contract to it, now seeks to obtain possession of the automobile from the defendant.

The defendant challenges the validity of the conditional sale contract on the ground that it did not meet the requirements set forth in § 2162c of the 1953 Cumulative Supplement (Cum. Sup. 1955, § 2860d) in two essentials. The pertinent portion of § 2162c reads as follows: "Except as otherwise provided in this chapter, all contracts for the sale of personal property, conditioned that the title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all conditions of such sale, and shall be acknowledged before some competent authority and filed within a reasonable time in the town clerk's office in the town where the vendee resides . . . ."

The defendant claims that the contract does not describe all the conditions of the sale because it fails to set forth the amount of the sales tax payable under § 941c of the 1953 Cumulative Supplement (as amended, Nov. 1955 Sup., § N144), as required by General Statutes § 2095 (6). Section 2162c requires

that a conditional sale contract shall be in writing, "describing the property and all conditions of such sale." The sales tax is a tax imposed upon the vendor for the privilege of selling tangible personal property at retail. General Statutes § 2092 (1). Section 2092 (2) requires the seller to collect the amount of the tax from the purchaser. The collection of this amount is a transaction collateral to the sale itself. The amount of the tax is in no sense a part of the purchase price of the article purchased. It follows that when the sale price of the automobile was stated in the conditional sale contract now before us and the amount of the sales tax was not included, there was a correct statement of the price to be charged for the automobile. In other words, the statement of the price of the automobile set forth in the conditional sale agreement was a true statement of that condition of the sale. Consequently, the conditional sale agreement was not invalid.

The failure of the seller to acknowledge the sale contract did not invalidate it. The contract was unilateral. There was nothing in it which bound the seller. It evidenced nothing but the obligations of the purchaser. It was, therefore, unnecessary for the seller to sign it. It was a complete and valid contract without the seller's signature. *National Cash Register Co.* v. *Lesko,* 77 Conn. 276, 280, 58 A. 967. If it was not necessary for the seller to sign the sale contract, it was not necessary for him to acknowledge it.

Not cited in his brief but relied on in argument by the defendant was *Bisi* v. *American Automobile Ins. Co.,* 137 Conn. 424, 78 A.2d 533. The question in that case was whether delivery of possession of a car that was the subject of a pending conditional sale agreement constituted such delivery as to com-

plete the sale and thus remove the car from the provisions of an insurance policy protecting the dealer as to cars not yet sold. We held that it did not, and the case presents no basis for the claim advanced by the defendant that in the instant case the purchaser of the automobile had, by possession, become its absolute owner. The *Bisi* case, supra, is not authority for the argument advanced by the defendant.

While our advice is asked as to four questions, they are so framed that they cannot be answered categorically. Questions in a reservation should be so stated that each will present a definite point of law and the court may give to each a categorical or very definite answer. *Ericson* v. *Childs,* 124 Conn. 66, 82, 198 A. 176; *General Motors Corporation* v. *Mulquin,* 134 Conn. 118, 132, 55 A.2d 732; *Barnes* v. *New Haven,* 140 Conn. 8, 11, 98 A.2d 523. There is no great public interest in the issues presented here, as there was in *Barnes* v. *New Haven,* supra. The case should have been disposed of in the trial court. We would be justified in refusing to entertain the reservation, but we are constrained to entertain it solely on the ground that doing so puts an end to the litigation. The case presents only two controlling issues. These are whether, to comply with the statute, the instrument denominated a conditional sale contract (1) should have stated the amount of the sales tax and (2) should have been acknowledged by the seller. In holding that the instrument in these two particulars met the requirements of § 2162c, we dispose of the case.

To questions (a) and (b), we say that the conditional sale contract here involved is valid as between the plaintiff and the defendant. This renders a formal answer to questions (c) and (d) unnecessary.

No costs will be taxed in this court to either party.

In this opinion INGLIS, C. J., BALDWIN and DALY, Js., concurred; O'SULLIVAN, J., dissented.